# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| TODD MCELROY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SAVANNAH TECHNICAL COLLEGE and THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) |
| Defendants. | ) |

Case No. CV416-206

# **ORDER**

Proceeding *pro se*, Todd McElroy has filed an employment discrimination case against Savannah Technical College (STC) and The Equal Employment Opportunity Commission (EEOC). Doc. 1. The Court now preliminarily screens his case. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing *pro se* complaint on frivolity grounds even though plaintiff paid full filing fee),

*rev'd on other grounds by* 618 F. App'x 610 (11th Cir. 2015).[1]

From a previous attempt to litigate his claim:[2]

> McElroy alleges that STC refused to hire him because he is deaf. He attached the job description for an Admissions Coordinator position which states that "[t]he ability to hear and understand at a normal conversational level is [a] required" physical demand of the job. The Court presumes (McElroy never says) that he either applied for the position and was denied or was denied an application in the first place (he at one point states that "deaf people can't get the applications for new jobs because of required hearing for all jobs"). Beyond that, McElroy pleads no factual allegations.

*McElroy*, 2016 WL 3509488 at * 1 (cites omitted). His current Complaint adds no new facts. *See* doc. 1.

As a preliminary matter, McElroy's claim against the EEOC fails. He alleges only that the "[r]ight to [s]ue letter is a fraud," and that the "EEOC broke the law," and "fixed [the] job advertisement" in collusion

---

[1] District courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n. 3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Roberts v. Memorial Medical Center*, 2012 WL 5350366 at * 1 (S.D. Ga. Oct. 29, 2012) (dismissing *pro se* employment discrimination case despite payment of full filing fee in part because complaint failed to allege exhaustion of administrative remedies).

[2] The Court dismissed his first case because McElroy failed to exhaust administrative remedies with the EEOC. *McElroy v. Savannah Technical College*, 2016 WL 3509488 at * 1 (S.D. Ga. May 25, 2016). He's done that now. *See* doc. 1-1 (EEOC right-to-sue letter).

2

with STC. Doc. 1 at 6. His right to sue letter and other attached documentation, however, belie those statements, only one of which (the STC-collusion allegation) qualifies as factual. McElroy may not like the EEOC's conclusion (that it "is unable to conclude that the information obtained establishes violations of the [ADA]," doc. 1-1 at 1), but that alone isn't grounds to sue the agency. His claim thus fails.

His ADA claim against STC fairs only slightly better. Doc. 1 at 3. "In general, an employer may not 'discriminate against a qualified individual with a disability in regard to the job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment.' 42 U.S.C. § 12112(a)." *Beatty v. Hudco Indus. Prods., Inc.*, 881 F. Supp. 2d 1344, 1353-54 (N.D. Ala. 2012).

To state an ADA claim for relief,[3] McElroy must allege:

---

[3] Preliminary review of *pro se* complaints uses the same standard of review as for motions to dismiss. *See Bailey v. Deutsche Bank Trust Co. Americas*, 2013 WL 820411 at * 2 (M.D. Ga. Mar. 5, 2013). Consequently, courts must accept:

'the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff.' *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, 'conclusory allegations . . . are not entitled to an assumption of truth -- legal conclusions must be supported by factual allegations.' *Randall v. Scott*,

that he has a disability recognized by the ADA, is qualified, with or without reasonable accommodation, to perform the essential functions of [her] job, and suffered an adverse employment action due to [her] disability. *See* 42 U.S.C. 12112(a); *Doe v. Dekalb Cnty. School Dist.*, 145 F.3d 1441, 1445 (11th Cir.1998). Under the ADA, "[t]he term 'disability' means . . . (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

A person is "'regarded as having . . . an impairment [protected by the ADA]' if the individual establishes that he or she has been subjected to an action prohibited [by the ADA] because of an actual or perceived physical or mental impairment[, that is not transitory or minor,] whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3). "[I]n order to constitute a disability under the ADA, the impairment . . . must substantially limit a major life activity." *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1132 (11th Cir.1996). To "substantially limit the ability to work, [the disability] must 'significantly restrict[ ] . . . the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Id.* at 1133 (citing 29 C.F.R. § 1630.2(j)(3) (I)).

*Benton v. Crane Merchandising Systems, Inc.*, 2013 WL 6081767 at * 2

---

610 F.3d 701, 709–10 (11th Cir. 2010). To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face,' meaning it must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

*Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268 (11th Cir. 2016).

(M.D. Ga. Nov. 19, 2013).

McElroy's Complaint, in its current form, fails to state a viable ADA claim. For instance, he pleads nothing to show that the Admissions Coordinator position is one that can reasonably accommodate deafness. Nor does he include anything beyond his own conclusions suggesting that STC's job advertisement misrepresented the position's duties. Indeed, many positions, particularly those like Admissions Coordinator that necessitate regular telephonic and verbal communication with the public (*see* CV416-046, doc. 1-1 at 6), require the ability to speak and hear clearly, neither of which McElroy possesses. *See* doc. 1 at 5 (listing his disability as "deaf"). Absent more, his ADA claim fails.

Nevertheless, the Court will give McElroy a second chance. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."). He need not "present every last detail" of his case, *Swain v. Col. Tech. Univ.*, 2014 WL 3012693 at * 2 (S.D. Ga. June 12, 2014), but he must give "fair notice of what the . . . claim is and

*the grounds upon which it rests."* Erickson v. Pardus, 551 U.S. 89, 93 (2007) (emphasis added). Those grounds *must* include the pleading elements illuminated above.

Within 21 days of the date this Order is served, then, McElroy must file an Amended Complaint that pleads all of the material elements required to support his claims. *See Marsh v. Ga. Dep't of Behavioral & Health Developmental Disabilities*, 2011 WL 806423 at *1 (S.D. Ga. Feb. 14, 2011) ("[P]laintiff must plead more than threadbare recitals, legal conclusions and the mere possibility of misconduct. . . . [I]t is not sufficient to simply cite to various health problems and an adverse employment result."), quoted in *Brown v. Mobile Cnty. Comm'rs*, 2015 WL 1444965 at * 6 (S.D. Ala. Mar. 31, 2015). Should McElroy fail to timely amend his Complaint, it will face dismissal for his failure to follow a Court order and to state a claim. *See* L.R. 41(b); *see Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order).[4]

---

[4] He is reminded that he cannot present here any claims that he failed to present to

**SO ORDERED** this   16th   day of August, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

the EEOC. *See, e.g., Richardson v. JM Smith Corp.*, 473 F. Supp. 2d 1317, 1331 (M.D. Ga. 2007) (declining to permit plaintiff to bring unexhausted claim of religious discrimination that was never presented to the EEOC); *see also Enwonwu v. Fulton-DeKalb Hosp. Auth.*, 286 F. App'x 586, 600 (11th Cir. 2008) (claim of racial and national origin discrimination could not have been reasonably expected to grow out of an EEOC disability charge); *Scott v. Kindred Hosps. Ltd.*, 2006 WL 2523093 at *2-3 (N.D. Ga. Aug. 28, 2006) (dismissing claim for racial discrimination as unexhausted where plaintiff had only alleged age and disability discrimination in her EEOC charge).